# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

WILLIAM A. CHAMBERS, *et al.*,

    Plaintiffs,

v.

CHESAPEAKE APPALACHIA, L.L.C. and STATOIL USA ONSHORE PROPERTIES INC.,

    Defendants.

NO. 3:18-CV-0437

(JUDGE CAPUTO)

## MEMORANDUM

Presently before me are a Motion to Dismiss (Doc. 10) filed by Defendant Statoil USA Onshore Properties Inc. ("Statoil Properties") and a Motion to Dismiss (Doc. 11) filed by Defendant Chesapeake Appalachia, L.L.C. ("CALLC"). Plaintiffs commenced this action alleging that Statoil Properties and CALLC violated the terms of the parties' oil and gas leases. Statoil Properties and CALLC have moved to dismiss Plaintiffs' claims for, *inter alia*, failing to comply with the condition precedent in the leases requiring Plaintiffs to provide Defendants with written notice and an opportunity to cure any alleged breaches prior to commencing litigation. For the reasons that follow, the motions to dismiss will be granted in part.

## I. Background

Plaintiffs in this action are William A. Chambers, Joseph B. Chambers, Jeanne C. Faux, Barbara C. Henning, Loren Day, Lori A. Day, Samantha Scholz, John D. Witter, and Richard W. Witter (collectively, "Plaintiffs"). (*See* Compl., ¶¶ 12-21). Plaintiffs are all Lessors of properties pursuant to the terms of Oil and Gas Leases (the "Leases"). (*See id*. at ¶¶ 22-27). CALLC and Statoil Properties are now the Lessees under the terms of the Leases. (*See id*.).

Plaintiffs filed their Complaint in the Court of Common Pleas of Wyoming County, Pennsylvania against Statoil Properties and CALLC on January 24, 2018.

(*See* Doc. 1-1). The Complaint sets forth the following causes of action: (1) Breach of Contract - 160 Acre Well Density Clause Violation (Count I); (2) Breach of Contract - Specific Performance or Termination (Count II); (3) Breach of Contract (In the Alternative) - Bad Faith Pooling (Count III); (4) Breach of Contract - Habendum Clause Violation (Count IV); (5) Breach of Contract - Post-Production Cost Deduction Violation against CALLC only (Count V); (6) Breach of Contract - Affiliate Transfer Violation against Statoil Properties only (Count VI); and (7) Breach of Implied Covenants to Develop and Operate Lesehold for the Mutual Benefit of the Lessor and Lessee and Duty to Market against Statoil Properties only (Count VII).

On February 21, 2018, CALLC, with the consent of Statoil Properties, removed the action to this Court. (*See* Doc. 1, ¶ 30; *see also id*., *generally*).

CALLC and Statoil Properties both moved to dismiss the Complaint on March 21, 2018. (*See* Docs. 10-11, *generally*). Among other grounds for dismissal, CALLC and Statoil Properties both contend that Plaintiffs' claims should be dismissed because Plaintiffs failed to plead that they satisfied the written notice requirements of the Leases, which Defendants characterize as a condition precedent to the commencement of litigation. (*See id*.).

Plaintiffs timely filed a brief in opposition to the motions to dismiss. (*See* Doc. 20, *generally*). Therein, Plaintiffs dispute that the Complaint is subject to dismissal for failure to comply with the notice provision of the Leases. (*See* Doc. 20, 9-13). CALLC and Statoil Properties timely filed replies thereto. (*See* Docs. 23-24, *generally*). The motions to dismiss are thus fully briefed and ripe for disposition.

## II. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). "Under the 'notice pleading' standard embodied in Rule 8 of the Federal Rules of Civil Procedure, a plaintiff must come forward with 'a short and plain statement of the claim showing that the pleader is

entitled to relief.'" *Thompson v. Real Estate Mortg. Network*, 748 F.3d 142, 147 (3d Cir. 2014) (quoting Fed. R. Civ. P. 8(a)(2)).

When resolving a Rule 12(b)(6) motion, "a court must consider no more than whether the complaint establishes 'enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary elements' of the cause of action." *Trzaska v. L'Oreal USA, Inc.*, 865 F. 3d 155, 162 (3d Cir. 2017) (quoting *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016)). In reviewing the sufficiency of a complaint, a court must take three steps: (1) identify the elements of the claim; (2) identify conclusions that are not entitled to the assumption of truth; and (3) assume the veracity of the well-pleaded factual allegations and determine whether they plausibly give rise to an entitlement to relief. *See Connelly*, 809 F.3d at 787 (citations omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).

### III. Discussion

CALLC and Statoil Properties move for dismissal of claims based on Plaintiffs' failure to provide written notice and an opportunity to cure the alleged breaches of the Leases prior to commencing this action. Paragraph 16 of the Leases provides:

> In the event Lessor considers that Lessee has not complied with any of its obligations hereunder, either express or implied, Lessor shall notify Lessee in writing setting out specifically in what respects Lessee has breached this contract. Lessee shall then have thirty (30) days after receipt of said notice within which to meet or commence to meet all or any part of the breaches alleged by Lessor. The service of said notice shall be precedent to the bringing of any action by Lessor on said lease for any cause, and no such action shall be brought until the lapse of thirty (30) days after service of such notice on Lessee. Neither the service of said notice nor the doing of any acts by Lessee aimed to meet all or any part of the alleged breaches shall be deemed an admission or presumption that Lessee has failed to perform all its obligations hereunder.

(Leases, ¶ 16).

3

Subject to one exception discussed below, Plaintiffs do not contend that they gave CALLC and Statoil Properties written notice of their claims prior to commencing this action. (*See* Doc. 20, 9-13). Instead, they argue that "the law does not require [them] to perform futile acts to gain access to the Courts." (*Id*. at 9). Plaintiffs further posit that because the Leases do not specify "the form that written notice must take or how it is to be served," the filing and service of the Complaint provided both CALLC and Statoil Properties with written notice of their claims. (*Id*.).

Alternatively, Plaintiffs argue that they should be given leave to amend the Complaint to insert factual allegations demonstrating that both CALLC and Statoil Properties had actual notice of their claims. (*See id*. at 10-13). With respect to the claims against CALLC, Plaintiffs emphasize that CALLC had written notice of the claims by John D. Witter and Richard D. Witter. (*See id*. at 10). Thus, while acknowledging that this information is not included in the Complaint, Plaintiffs argue that the Complaint could be easily amended to add these facts. (*See id*.). Plaintiffs also contend that the Complaint could be amended to allege that CALLC had constructive notice of the remaining Plaintiffs' claims because those Plaintiffs bring identical claims and negotiated and executed identical leases at the same time as the Witters. (*See id*.). Thus, following CALLC's rejection of the Witters' claims, "it would have been useless for the other Plaintiffs to give notice." (*Id*. at 10-11).

As to their claims against Statoil Properties, Plaintiffs do not assert that Statoil Properties received written notice similar to that provided by the Witters to CALLC. (*See id*. at 11-13). Rather, Plaintiffs insist that the Complaint can be amended to allege that Statoil Properties had actual knowledge of Plaintiffs' claims given they are contesting the resolution of such claims in a separate class action settlement. (*Id*.). As a result, Plaintiffs emphasize that Statoil Properties "cannot credibly assert a lack of knowledge of claims related to its affiliate transfer scheme." (*Id*. at 12).

All claims against Statoil Properties and all of Plaintiffs' claims against CALLC except those asserted by Plaintiffs John D. Witter and Richard D. Witter will be

4

dismissed without prejudice to allow Plaintiffs the opportunity to comply with the notice provision set forth in Paragraph 16 of the Leases. As quoted above, Paragraph 16 of the Leases requires, *inter alia*, that Plaintiffs provide CALLC and Statoil Properties with written notice of any alleged breaches of the Leases. Paragraph 16 further provides that litigation cannot be commenced until thirty (30) days after service of such notice. Here, the Complaint is devoid of any allegations that Statoil Properties or CALLC were ever provided such written notice. (*See* Compl., *generally*). Moreover, because service of such notice must occur "precedent to the bringing of any action," Plaintiffs filing of the Complaint in the matter *sub judice* did not satisfy the requirements of Paragraph 16 of the Leases. And, as there is no suggestion in Plaintiffs' submission in opposition to the motions to dismiss that written notice was ever provided to Statoil Properties with respect to these claims (in contrast to the Witters' claims against CALLC), it would be futile to allow Plaintiffs to amend such claims. Plaintiffs' claims against Statoil Properties will therefore be dismissed without prejudice so as to provide Plaintiffs with the opportunity to comply with the mandates of Paragraph 16 of the Leases. *See*, *e.g.*, *Stricklin v. Fortuna Energy, Inc.*, No. 12-8, 2014 WL 2619587, at *4 (N.D. W. Va. June 12, 2014) (dismissing the action without prejudice to allow the plaintiffs the opportunity to comply with the notice provisions in the oil and gas leases). For these reasons as well, all claims against CALLC except those brought by John D. Witter and Richard D. Witter will be dismissed without prejudice in order to afford Plaintiffs the chance to comply with the notice requirements of the Leases.

Plaintiffs John D. Witter and Richard D. Witter's claims against CALLC will also be dismissed, but they will be given leave to amend. In the Complaint, Plaintiffs do not allege that the Witters provided CALLC with the contractually required written notice under Paragraph 16 of the Leases. But, in their brief in opposition to the motions to dismiss, Plaintiffs include additional factual matter not set forth in the Complaint indicating that the Witters provided written notice of at least some of their

5

claims under the Leases. (*See* Doc. 20, 10 & Ex. "A"). These facts, however, cannot be considered in evaluating the sufficiency of Plaintiffs' Complaint as it is "axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss." *Com. of Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) (citation omitted); *Gordon v. Katri Sales Co.*, No. 17-320, 2018 WL 1123704, at *3 (M.D. Pa. Mar. 1, 2018). Thus, the Witters will be given leave to amend the Complaint to sufficiently allege that they provided CALLC with written notice of their claims in accordance with Paragraph 16 of the Leases.

## IV. Conclusion

For the above stated reasons, the motions to dismiss filed by Defendants Statoil Properties and CALLC will be granted in part. John D. Witter and Richard D. Witter's claims against CALLC will be dismissed without prejudice, but they will be given leave to amend to allege facts showing compliance with Paragraph 16 of the Leases. The claims against CALLC by all other Plaintiffs and all claims against Statoil Properties by all Plaintiffs will be dismissed without prejudice to allow Plaintiffs the opportunity to comply with the notice provision of the Leases.

An appropriate order follows.

July 12, 2018  /s/ A. Richard Caputo
Date  A. Richard Caputo
 United States District Judge