# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM A. CHAMBERS, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> CHESAPEAKE APPALACHIA L.L.C. and EQUINOR USA ONSHORE PROPERTIES, INC., <br><br> Defendants. | Case No. 3:18-cv-00437 <br><br> (Judge A. Richard Caputo) |

## STIPULATED AND AGREED CONFIDENTIALITY ORDER

WHEREAS, Plaintiffs and Defendants Chesapeake Appalachia L.L.C. ("Chesapeake") and Equinor USA Onshore Properties, Inc. ("EOP") (together, "the Parties") anticipate that the documents and deposition testimony that will be produced during discovery, including that of third parties, possibly include trade secret and other nonpublic technical, commercial, financial, personal, and business information, including confidential information of third parties, the disclosure of which could result in harm that may be significant to the producing party's business and its competitive position, and for which there exists a good-faith claim of protection from disclosure under *Pansy v. Borough of Stroudsburg*, 23 F.3d 772 (3d Cir. 1994), and other applicable federal law.

NOW, THEREFORE, the Parties stipulate and agree to abide by the following Stipulated and Agreed Confidentiality Order ("Confidentiality Order") to govern the use of documents and testimony obtained during the above captioned lawsuit ("the Lawsuit"). It is agreed among the Parties as follows:

1. Proceedings and Information Governed. The terms and conditions of this Protective Order shall govern the production, handling, and filing of all information, documents,[1] testimony, or other things that are subject to discovery in this action (collectively, "Discovery Materials") that contain proprietary, confidential, trade secret, or commercially sensitive information, as well as any copies, excerpts, summaries, derivations or compilations of any of the foregoing contained in any pleadings, reports, discovery responses, correspondence, documents or things.

2. As used herein, "Producing Party" shall refer to any party, including third parties to this action as well as non-parties, who discloses and/or produces any Discovery Materials in this action. "Receiving Party" shall refer to any party that receives Discovery Materials from a Producing Party in this action.

---

[1] The term "document" shall be defined to the broadest extent permitted by law. Without limitation, "document" includes: papers, contracts, notes, memoranda, correspondence, letters, statements, invoices, reports, data, studies, records, photographs, diaries, tapes, e-mail, and all other written, printed, recorded, or other tangible matter, whether in paper or electronic form.

3.  If a Producing Party determines in good faith that Discovery Materials contain or reflect information received in confidence from third parties, and/or confidential research, development, or commercial information for which there exists a good-faith claim of protection from disclosure under *Pansy v. Borough of Stroudsburg*, 23 F.3d 772 (3d Cir. 1994), and other applicable federal law, as well as other documents that discuss, incorporate, or refer to the content of such Discovery Materials, including, but not limited to, any copies, duplicates, extracts, summaries, or descriptions of such Discovery Materials. ("Confidential Information"), the Producing Party may designate such Discovery Materials for protection under this Order by stamping, placing, or affixing on such Discovery Materials in a manner, which will not interfere with its legibility, the word "CONFIDENTIAL." Such legend shall be marked on every page or thing for which protection under the designation is sought, or by any other method agreed to in writing by counsel for the Producing Party and Receiving Party.

4.  Confidential Information does not include (and this Confidentiality Order does not apply to) information that is or becomes generally and publicly known through no violation of this Confidentiality Order or any other agreement or requirement of confidentiality.

5.  Inadvertent Disclosure of Confidential Information. Inadvertent or unintentional disclosure of Confidential Information during the course of the

Lawsuit, without designating it as Confidential Information at the time of disclosure, shall not be deemed a waiver by the Producing Party in whole or in part of a claim that disclosed Information is Confidential Information, provided that such Information is so designated in writing to the Receiving Party within a reasonable time after learning of the inadvertent or unintentional disclosure.

6. Testimony. Testimony submitted via submission of a written statement containing Confidential Information may, in good faith, be designated by any Party as Confidential in whole or in part. To the extent any testimony is recorded, it may be designated as Confidential on the record or within a reasonable time after receiving the transcript of any such recording.

7. Challenges to Designations. In the event that a party has an objection to a Confidential designation, or believes that it is necessary to disclose designated information to persons other than those permitted by this Confidentiality Order, and if dispute regarding the designation cannot be resolved by agreement, the objecting party may make an appropriate application to the Court requesting that the material be excluded from the provisions of this Confidentiality Order or be available to specified other persons. The Producing Party that designated the material Confidential shall have the burden of establishing the confidential nature of the material pursuant to *Pansy v. Borough of Stroudsburg*, 23 F.3d 772 (3d Cir. 1994). Until the Court rules on the challenge, the material shall be treated

pursuant to the Confidential designation given to it.  A Receiving Party shall not be obligated to challenge the propriety of a designation at the time it is made, and the failure to do so shall not preclude a subsequent challenge thereto or constitute a waiver or agreement or be argued to be an admission that the designation is in fact appropriate.

8. Maintenance of Information.  It is the responsibility of counsel for each Party to maintain materials designated Confidential in a secure manner and appropriately identified so as to allow access to such Confidential Information only to such persons and under such terms as is permitted under this Confidentiality Order.  Counsel is responsible for employing reasonable measures to control unauthorized access to and use, distribution, and duplication of Confidential Information, consistent with this Confidentiality Order.

9. Use and Disclosure of and Access to Information.  Discovery Materials designated Confidential may be used by a Receiving Party for purposes of the above captioned Lawsuit only and may not be used for any other purpose or proceeding, or shared with any other parties or counsel therein.  Except as otherwise specifically provided herein, access to and disclosure of Confidential Information shall be limited to:

(a) The Parties, including the Parties' current and former employees and their counsel (if any);

(b) Attorneys for each Party (whether outside counsel or in-house counsel) and their paralegals, administrative assistants, secretaries, clerical, administrative, and support staff, other than outside consultants and experts referred to below, who are retained by such attorneys or Parties in connection with any work they perform on behalf of a Party with respect to this Lawsuit;

(c) Subject to paragraph __ below, consultants and testifying or consulting experts retained by the Receiving Party in the Lawsuit. Such outside consultants and experts shall agree to be bound by this Confidentiality Order to the same extent as if they were a Party hereto and shall not use the Producing Party's Confidential Information for (i) the benefit of the Receiving Party, other than in connection with this Lawsuit; or (ii) the benefit of any other persons or corporations;

(d) A witness giving testimony in this Lawsuit where the Confidential Material itself indicates, or the Receiving Party otherwise has reason to believe, that the witness was the author, addressee, or recipient of the document;

(e) Any court reporters and videographers used in the Lawsuit and their support staff; and

(f) Any other person that the Parties agree to in writing, and who shall agree in writing to be bound by this Confidentiality Order to the same extent as if they were a Party hereto.

10. **Agreement to Abide by Confidentiality Order.** Execution of this Confidentiality Order by undersigned counsel shall constitute a representation that all persons listed in paragraph 9(b) above for whom such counsel is responsible (or who are reasonably within such counsel's control subject to counsel's obligation to take reasonable measures to control the unauthorized access to and use, distribution and duplication of Confidential Information hereunder) shall observe this Confidentiality Order. Moreover, none of the individuals listed in paragraph 9(a) and (e) will be required to provide a written acknowledgment of this Confidentiality Order. However, counsel will work in good faith to provide notice of this Confidentiality Order to any of the individuals listed in paragraph 9(a) and (e) who may receive Confidential Information.

11. **Confidentiality Agreement.** With regard to those individuals identified in paragraph 9(c), prior to disclosing or providing Confidential Information to such persons, the Party providing the Confidential Information shall first provide a copy of this Confidentiality Order to such persons, who shall read and be fully familiar with their obligations to comply with this Confidentiality Order. Before such persons may have access to or review any Confidential Information, he or she must sign a copy of the Confidentiality Agreement attached hereto as Exhibit A.

12. Nonparty Information. The existence of this Confidentiality Order must be disclosed to any person or entity producing Discovery Material in the Lawsuit who/which may reasonably be expected to desire confidential treatment for Confidential Information in such Discovery Materials. Any such person or entity may, in good faith, designate Discovery Materials as Confidential Information pursuant to this Confidentiality Order and the requirements of *Pansy v. Borough of Stroudsburg*, 23 F.3d 772 (3d Cir. 1994), and any such designated Confidential Information will be protected subject to the terms of this Confidentiality Order.

13. No Prejudice. Producing or receiving Confidential Information or otherwise complying with this Confidentiality Order will not: (a) prejudice the rights of a Party to object to the production of Discovery Materials; (b) prejudice the rights of a Party to seek a determination that particular Discovery Materials be produced; (c) prejudice the rights of a Party to apply for further confidentiality or protective orders; or (d) prevent the Parties from agreeing in writing to alter or waive the provisions or protections provided by this Confidentiality Order with respect to any particular Discovery Materials among themselves.

14. In the event that one or more documents subject to the attorney-client privilege, the work-product doctrine, and/or any other applicable privilege or doctrine are inadvertently produced, the Receiving Party shall, upon written

request from the Producing Party, immediately return such documents and any copies to the Producing Party, and provide a certification that all electronic copies in the Receiving Party's possession, custody, or control have been destroyed.

15.     Return or Destruction of Confidential Information.  Within sixty (60) days of final termination of the Lawsuit, including exhaustion of all actions to enforce the judgment or appeals relating thereto, or within sixty (60) days after dismissal pursuant to a settlement agreement or otherwise, each Party and other persons subject to the terms of this Confidentiality Order shall be under an obligation to collect and return all of the following Information obtained from the other Parties:  (a) Confidential Information, (b) all copies of Confidential Information, and (c) all notes made therefrom or summaries thereof; provided, however, that any Party may retain, subject to the terms of this Confidentiality Order, one copy of any Confidential Information that was filed with the Court or admitted into evidence.  Alternatively, each Party and other persons subject to the terms of this Confidentiality Order shall certify in writing that all Confidential Information, copies thereof, and notes made therefrom or summaries thereof have been destroyed.

16.     Survival.  All obligations and duties arising under this Confidentiality Order shall survive the termination of the Lawsuit.  The Court retains jurisdiction indefinitely over the Parties and any persons provided access to Confidential

Information under the terms of this Confidentiality Order with respect to any dispute over the improper use of such Confidential Information.

17.     Amendment.  This Confidentiality Order and any provisions hereof may be changed, waived, amended, or modified only by further Order of the Court or, if among themselves, agreement of the Parties in writing, and is without prejudice to the rights of any Party to move for relief from any of its provisions.

18.     Third Party Disclosure Requests.  If a Party is served with a subpoena or other process, or is required to fulfill a disclosure obligation that requires the production or disclosure, for some purpose other than the Lawsuit, of Confidential Information of Parties or Non-Parties other than itself, that Party shall notify the Producing Party as soon as practicable and, if the Producing Party so requests, shall take reasonable steps to allow the Producing Party time to oppose the subpoena, process, discovery request or disclosure obligation, provided that in no event must a Party take any action that would violate any court order or expose it to a risk of court sanctions.

s/Robert L. Theriot (*pro hac vice*)
LISKOW & LEWIS
1001 Fannin Street
Suite 1800
Houston, Texas 77002
(713) 651-2957

*Counsel for Equinor USA Onshore*

s/Arleigh P. Helfer III
Ira Neil Richards (PA 50879)
Arleigh P. Helfer III (PA 84427)
SCHNADER HARRISON SEGAL & LEWIS LLP
1600 Market Street, Suite 3600
Philadelphia, PA 19103
(215) 751-2000

| | |
|---|---|
| *Properties, Inc.* | Aaron D. Hovan (PA 308412) |
| | John J. Hovan (PA 8486) |
| s/Daniel T. Donovan (*pro hac vice*) | Law Offices of John J. Hovan |
| KIRKLAND & ELLIS LLP | 154 Warren Street |
| 1301 Pennsylvania Avenue, N.W. | Tunkhannock, PA 18657 |
| Washington, D.C. 20004 | (570) 836-3121 |
| (202) 389-5174 | |
| | *Counsel for Plaintiffs* |
| *Counsel for Chesapeake Appalachia L.L.C.* | |

DATED:  January 15, 2020

**SO ORDERED**, this _____ day of _____, 2020

_____
Hon. A. Richard Caputo
United States District Court

11

# EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM A. CHAMBERS, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> CHESAPEAKE APPALACHIA L.L.C. and EQUINOR USA ONSHORE PROPERTIES, INC., <br><br> Defendants. | Case No. 3:18-cv-00437 <br><br> (Judge A. Richard Caputo) |

## ACKNOWLEDGMENT OF STIPULATED
## AND AGREED CONFIDENTIALITY ORDER

I, _____, declare as follows:

1. I have read the terms of the Stipulated and Agreed Confidentiality Order ("Confidentiality Order") entered in the above-captioned action and agree to comply with and be bound by the terms and conditions of the Confidentiality Order unless and until they are modified by further order of the Court. More specifically, I will treat any Confidential Information provided to me as confidential and will not disclose any such information to anyone other than persons permitted to see such information under the Confidentiality Order. Further, I will not use such Confidential Information for any purpose other than in connection with this action, and will return all Confidential Information provided to me as well as those materials generated by me containing Confidential Information to counsel for the

party with which I am affiliated or to counsel for the producing party at the conclusion of this action.

    2.    I consent to the jurisdiction of the United States District Court for the Middle District of Pennsylvania for purposes of enforcing the Confidentiality Order.

I declare under penalty of perjury that the foregoing is true and correct.

Date: _____      _____
                                                                      Signature