# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM A. CHAMBERS, *et al.*, | : |
| Plaintiffs, | : No. 3:18-cv-00437 |
| v. | : (Judge Mariani) |
| CHESAPEAKE APPALACHIA, L.L.C., *et al.*, | : |
| Defendants. | : |

## PLAINTIFFS' RESPONSE TO DEFENDANT CHESAPEAKE APPALACHIA, L.L.C.'S NOTICE OF SUGGESTION OF PETITION OF BANKRUPTCY FOR CHESAPEAKE ENERGY CORPORATION, ET AL., AND AUTOMATIC STAY OF THESE PROCEEDINGS

Plaintiffs submit this response to Chesapeake Appalachia, L.L.C.'s Notice of Suggestion of Petition of Bankruptcy for Chesapeake Energy Corporation, et al., and Automatic Stay of These Proceedings (ECF No. 79) to emphasize that the automatic stay does not apply to their royalty claims against Equinor USA Onshore Properties, Inc. ("EOP"), which are Counts V and VI of the Second Amended Complaint.  The automatic stay affects only their claims against Chesapeake

Appalachia, L.L.C. ("CHK Appalachia").[1]  Accordingly, Plaintiffs respectfully request that any order the Court enters not stay Plaintiffs' royalty claims against EOP.

### ARGUMENT

### Controlling Authority Holds That the Automatic Stay Effected by Section 362(a) of the Bankruptcy Code Applies Only to Claims Against the Debtor, not Its Co-Defendants

On July 1, 2020, CHK Appalachia filed a Notice of Suggestion of Petition of Bankruptcy for Chesapeake Energy Corporation, et al., and Automatic Stay of These Proceedings.  However, the automatic stay effected by section 362(a) of the Bankruptcy Code applies only to proceedings against Chesapeake Energy Corporation and its subsidiaries, including CHK Appalachia.  It does not apply to EOP.

The Third Circuit has long observed that, with one limited exception not applicable here, the automatic stay in bankruptcy proceedings applies solely to claims against the debtor.  *See McCartney v. Integra Nat'l Bank North*, 106 F.3d

---

[1] Plaintiffs do not contest the automatic stay's application to proceedings on their well-spacing and breach of contract claims (Counts I, II, and III), which they brought jointly against EOP and CHK Appalachia and which depend on different facts than the royalty payment claims against EOP do.  A judgment against EOP on those well-spacing counts would potentially affect CHK Appalachia.

PHDATA 7188029_2

506, 509–510 (3d Cir. 1997); *Maritime Electric Co. v. United Jersey Bank*, 959 F.2d 1194, 1204–05 (3d Cir. 1991).[2] In *Maritime Electric Co.*, the court explained the scope of the automatic stay:

> Although the scope of the automatic stay is broad, the clear language of section 362(a) indicates that it stays only proceedings against a "debtor"—the term used by the statute itself. . . . All proceedings in a single case are not lumped together for purposes of automatic stay analysis. . . . Multiple claim and multiple party litigation must be disaggregated so that particular claims, counterclaims, crossclaims and third-party claims are treated independently when determining which of their respective proceedings are subject to the bankruptcy stay.
>
> . . .
>
> Furthermore, the automatic stay is not available to non-bankrupt co-defendants of a debtor even if they are in a similar legal or factual nexus with the debtor.

959 F.2d at 1204–05 (original emphasis removed) (citations and footnote omitted); *see also Hess Corp. v. Performance Texaco, Inc.*, No. 3:08-CV-1426, 2008 U.S. Dist. LEXIS 94263, at *4–5 (M.D. Pa. Nov. 19, 2008) (Caputo, J.) (explaining that

---

[2] The exception under which the stay may extend to nonbankrupt co-defendants is limited to "unusual circumstances," which courts have determined to include situations where there is "such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor," *McCartney*, 106 F.3d at 510, or where stay protection "is essential to the debtor's efforts of reorganization." *Id*. No such unusual circumstances are present regarding Plaintiffs' royalty payment claims against EOP.

the Third Circuit has observed that "when one defendant files a bankruptcy petition, the suit may proceed against non-debtor co-defendants") (citing *In re Exide Techs.*, 544 F.3d 196, 2008 U.S. App. LEXIS 20072, at *46 n.10 (3d Cir. Sept. 19, 2008)).

Here, Plaintiffs' royalty payment claims against EOP are distinct from any claims against CHK Appalachia. *See* Second Am. Compl. ¶¶ 49–57, 59, 60–93, 130–46 (Counts V and VI) (ECF No. 30). The question whether EOP's conduct--*i.e.*, using and manipulating index prices assigned to transfers of gas from EOP to its marketing affiliate at the wellhead to calculate royalties instead of calculating royalties as a percentage of the actual proceeds EOP's marketing affiliate received from downstream sales of gas to third parties—breaches Plaintiffs' leases or the duty of good faith and fair dealing will not result in a judgment or finding against CHK Appalachia. Nor would a determination of Plaintiffs' royalty payment claims against EOP prejudice or affect Chesapeake Energy's reorganization efforts in any manner.

Consequently, any order the Court enters concerning the effect of the automatic stay should permit Plaintiffs' royalty payment claims against EOP to

proceed.[3]

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully respect that the Court permit their royal payment claims against EOP to proceed.

    s/Arleigh P. Helfer III
Ira Neil Richards (PA 50879)
Arleigh P. Helfer III (PA 84427)
SCHNADER HARRISON SEGAL & LEWIS LLP
1600 Market Street, Suite 3600
Philadelphia, PA 19103
Voice: (215) 751-2000
Fax: (215) 751-2205
irichards@schnader.com
ahelfer@schnader.com

Aaron D. Hovan (PA 308412)
John J. Hovan (PA 8486)
Law Offices of John J. Hovan
154 Warren Street
Tunkhannock, PA 18657
(570) 836-3121

---

[3] Because the COVID-19 pandemic continues to affect the availability of EOP's witnesses for deposition, and because the discovery deadline is approaching, Plaintiffs anticipate that they will soon file a request to further modify the schedule regarding Plaintiffs' royalty payment claims against EOP.